IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,

vs.

DAVID Q. MANILA,

Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)

Criminal Case No. CF020-08

DECISION AND ORDER: People's
Motion to Disqualify David Q. Manila's
Counsel of Record

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on February 25, 2013, for a hearing on the People of Guam's ("the People") Motion to Disqualify Defendant David Q. Manila's Counsel of Record. Assistant Attorney General Nelson J. Werner represented the People. David Q. Manila ("Defendant") was represented by Attorney William B. Pole. Following the hearing, the Court took the matter under advisement. Upon review of the evidence, written arguments, and legal authorities presented by both parties, the Court hereby issues this Decision and Order GRANTING the People's Motion.

## BACKGROUND

On November 16, 2012, Defendant was indicted by a Superior Court of Guam Grand Jury on the following charges: (1) Conspiracy to Compel Prostitution (as a 3rd Degree Felony) (2) Conspiracy to Promote Prostitution (as a 3rd Degree Felony) (3) Conspiracy to Commit Kidnapping (as a 2nd Degree Felony) (4) Conspiracy to Commit Felonious Restraint (as a 3rd Degree Felony) (5) Solicitation to Compel Prostitution (as a 3rd Degree Felony) (6) Solicitation to Promote Prostitution (as a 3rd Degree Felony) (7) Solicitation to Commit Kidnapping (as a 2nd Degree Felony) (8) Solicitation to Commit Felonious Restraint (as a 3rd Degree Felony) (9)

Nine counts of Compelling Prostitution (as a 3rd Degree Felony) (10) Sixteen counts of Promoting Prostitution (as a 3rd Degree Felony) (11) Attempt to Promote Prostitution (as a 3rd Degree Felony) (12) Two counts of First Degree Criminal Sexual Conduct (as a 1st Degree Felony) (13) Two counts of Second Degree Criminal Sexual Conduct (as a 1st Degree Felony) (14) Criminal Intimidation (as a Misdemeanor) (15) Official Misconduct (as a Misdemeanor) and (16) Abetting Prostitution (as a Misdemeanor). Superseding Indictment (Nov. 16, 2012).

A Second Superseding Indictment was handed down on Friday, November 23, 2012 charging Defendant with the following: (1) Conspiracy to Commit Kidnapping (as a 2nd Degree Felony) (2) Nine counts of Kidnapping (as a 2nd Degree Felony) (3) Conspiracy to Commit Felonious Restraint (as a 3rd Degree Felony) (4) Nine counts of Felonious Restraint (as a 3rd Degree Felony) (5) Conspiracy to Compel Prostitution (as a 3rd Degree Felony) (6) Nine counts of Compelling Prostitution (as a 3rd Degree Felony) (7) Conspiracy to Promote Prostitution (as a 3rd Degree Felony) (8) Eleven counts of Promoting Prostitution (as a 3rd Degree Felony) (9) Solicitation to Commit Kidnapping (as a 2nd Degree Felony) (10) Solicitation to Commit Felonious Restraint (as a 3rd Degree Felony) (11) Solicitation to Compel Prostitution (as a 3rd Degree Felony) (12) Solicitation to Promote Prostitution (as a 3rd Degree Felony) (13) Attempt to Compel Prostitution (as a 3rd Degree Felony) (14) Attempt to Promote Prostitution (as a 3rd Degree Felony) (15) Two counts First Degree Criminal Sexual Conduct (As a 1st Degree Felony) (16) Two counts of Second Degree Criminal Sexual Conduct (As a 1st Degree Felony) (17) Criminal Intimidation (as a Misdemeanor) (18) Official Misconduct (as a Misdemeanor) (19) Abetting Prostitution (as a Misdemeanor) and (20) Criminal Facilitation (as a Misdemeanor). Second Superseding Indictment (Nov. 23, 2012).

Defendant remains in the custody of the Guam Detention Facility pending the posting of *cash* bail set in the amount of $250,000.00. Commitment Order (Nov. 19, 2012). On November 19, 2012, Defendant filed a Motion to Modify Bail Conditions. Def's. Mot. to

Modify Bail Conditions: Memo of Points & Authorities (Nov. 19, 2012). On November 21, 2012, the People filed their opposition to the motion for release or reduction in bail. The Court heard oral arguments on Defendant's motion on November 21, 2012, and issued its Decision and Order on November 23, 2012, denying Defendant's motion.

Defendant also moved the Court to modify bail conditions on December 3, 2012. Def. Manila's Second Motion to Modify Bail Conditions (Dec. 3, 2012). The People filed an opposition to Defendant David Q. Manila's Second Motion to Modify Bail Conditions on December 14, 2012. On December 17, 2012, Defendant filed supplementary evidence and response in support of his release. The Court heard the matter on December 19, 2012, and issued its Decision and Order on January 3, 2013, denying Defendant's motion.

On February 13, 2013, the People filed a Motion to Disqualify Defendant's Counsel of Record. Defendant filed a Response and Opposition to the People's Motion on February 21, 2013.

The Court heard oral arguments on February 25, 2013.[1]

## DISCUSSION

The People move to disqualify Defendant's counsel of record. The People first contend that as part of its ongoing efforts to comply with the Court's order to fulfill their discovery obligations, "it was discovered that Defendant Manila's current counsel, William B. Pole, acted as a prosecutor in a matter related to the Blue House prosecution in 2008, had access to the GPD Blue House report in 2008 and an additional report generated in 2008." People's Motion to Disqualify Def.'s Counsel of Record at 2 (Feb. 13, 2013). The People further contend that "[a]s a result of his involvement as a prosecutor in the Blue House matter, Mr. Pole was certainly exposed to the Blue House police report at the very early stages of the investigation,

---

[1] On March 15, 2013, a Third Superseding Indictment was handed down by a Superior Court of Guam Grand Jury relative to the instant case.

including victim interviews conducted by the police." *Id.* at 3. Secondly, the People contend that "[w]hile neither Defendant Manila nor his lawyer have raised the issue of a conflict of interest the People have a sufficient interest in preserving the integrity of criminal proceedings and moving for disqualification when confronted by an attorney conflicted in a criminal proceeding." *Id.* at 4. Thirdly, the People contend that "[o]ften, conflicts of interest between a criminal defendant and his lawyer can lead to claims of ineffective assistance of counsel. [W]hen an attorney labors under an actual conflict of interest, the defendant need not show prejudice in order to obtain a reversal of his conviction." *Id.* (citing *Burger v. Kemp*, 483 U.S. 776, 783, 107 S.Ct. 3114, 3120, 97 L.Ed.2d 638 (1987). Lastly, the People contend that whether a Defendant waives a conflict, "waiver is not absolute and does not have to be accepted by the court." *Id.* at 7. Moreover, in citing *Guam Rules of Professional Conduct*, Rule 1.8(d)(1),[2] the People contend that "where the conflict involves the former representation of the People and one accused of a crime by the People, in a case in which the defense counsel worked as a prosecutor the waiver would have to come from both ends of the conflict. *Id.*

Defendant opposes the People's Motion. Defendant principally argues that "there is no conflict between Defendant Manila and his counsel of record." Def's. Opp'n Mot. at 1 (Feb. 21, 2013). Furthermore, Defendant argues that "even if one is found it has been waived." *Id.* at 4. Defendant also argues that "[he] has asserted his right to a speedy trial and a three month delay in bringing the Government's motion is unreasonable under the circumstances. Motions to disqualify are generally disfavored." *Id.* at 6.

---

[2] The Guam Rules of Professional Conduct (2003) does not have a Rule 1.8(d)(1).

The Guam Rules of Professional Conduct provides a provision for special conflicts of interest for former and current government officers and employees. Rule 1.11 reads in relevant part:

(a) Except as law may otherwise expressly permit, *a lawyer who has formerly served as a public officer or employee of the government*:
(1) is subject to Rule 1.9(c); and
(2) *shall not otherwise represent a client in connection with a matter in which the lawyer participated personally and substantially as a public officer or employee*, **unless the appropriate government agency gives its informed consent, confirmed in writing, to the representation**.
(b) When a lawyer is disqualified from representation under paragraph (a), no lawyer in a firm with which that lawyer is associated may knowingly undertake or continue representation in such matter unless:
(1) The disqualified lawyer is timely screened from any participation in the matter and is apportioned not part of the fee therefrom; and
(2) Written notice is promptly given to the appropriate government agency to enable it to ascertain compliance with the provisions of this rule.
(c) Except as law may otherwise expressly permit, a *lawyer having information that the lawyer knows is confidential government information* about a person acquired when the lawyer was a public officer or employee, may not represent a private client whose interests are adverse to that person in a matter in which the information could be used to the material disadvantage of that person. As used in this Rule, the term "confidential government information" means information that has been obtained under governmental authority and which, at the time this Rule is applied, the government is prohibited by law from disclosing to the public or has a legal privilege not to disclose and which is not otherwise available to the public. A firm with which that lawyer is associated may undertake or continue representation in the matter *only if the disqualified lawyer is timely screened* from any participation in the matter and is apportioned no part of the fee therefrom.

Guam R. Prof'l Conduct 1.11(a)-(c) (emphasis added).[3]

The Court is cognizant of the Defendant's Sixth Amendment constitutional right to counsel which is also outlined in the Organic Act of Guam § 1421b and 8 GCA § 1.11. "The Sixth Amendment right to counsel includes a criminal defendant's right to secure counsel of his

---

[3] The Guam Rules of Professional Conduct was adopted from the 2002 ABA Model Rules of Professional Conduct. It was adopted on September 29, 2003 pursuant to Promulgation Order No. 04-002).

choice." See *State v. De La Osa*, 28 So.3d 201, 203 (Fla. App. 4th Dist. 2010). "Although there is a presumption in favor of the defendant's choice of counsel, the presumption may be overcome if the [sic] there is a showing of an actual conflict or 'serious potential for conflict.'" *Id.* (citing *Wheat v. United States*, 486 U.S. 153, 164, 108 S.Ct. 1692, 100 L.Ed.2d 140 (1988)). The United States Supreme Court also held that "the district court must be allowed substantial latitude in refusing waivers of conflicts of interest not only in those rare cases where an actual conflict may be demonstrated before trial, but in the more common cases where a potential for conflict exists which may or may not burgeon into an actual conflict as the trial progresses." *Wheat*, 486 U.S. 153, 163 (1988).

In the instant case, the Court is extremely concerned of Defendant Manila's counsel's involvement as a prosecutor at the very early stages of the investigation related to this matter. In the Court's review of the motion at bar and the corresponding misdemeanor case charged out by Mr. Pole, the Court recognizes that the victim in CM86-08 is also a witness in the present case affecting Defendant Manila. Mr. Pole charged out the Magistrate Complaint in the misdemeanor case along with a corresponding Declaration filed which obviously makes mention of the victim, who is now a named witness in CF20-08. While the Court again recognizes a Defendant's right to choose counsel of his choice, Mr. Pole's former government employer has not consented in writing to waive any such conflict as required by GRPC 1.11(a)(2). The Court to date has only seen a waiver signed by the Defendant. Therefore, the Office of the Attorney General does not consent to Mr. Pole's continued representation of Defendant in light of the conflict. Moreover, in an abundance of caution and noting a showing of an actual conflict or "serious potential for conflict," the Court finds in favor of the People. See *Wheat v. United States*, 486 U.S. 153, 164, 108 S.Ct. 1692, 100 L.Ed.2d 140 (1988)).

CF020-08: People v. David Q. Manila
Decision & Order: People's Mot. to Disqualify Defendant's Counsel of Record

## CONCLUSION

By preponderance of the evidence and based on the foregoing reasons, the Court GRANTS the People's Motion to Disqualify Defendant David Q. Manilas' Counsel of Record.

**SO ORDERED** this __29__ day of MARCH, 2013.

_____
HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam

I do hereby certify that the foregoing
is a full true and correct copy of the
original on file in the office of the
clerk of the Superior Court of Guam.

MAR 2 9 2013

Jerry T. Guerrero
Deputy Clerk, Superior Court of Guam